**Electronically Filed
Supreme Court
SCWC-12-0001025
10-MAR-2016
09:29 AM**

SCWC-12-0001025

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

MICHAEL A. BAYUDAN,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0001025; CASE NO. 1DTA-11-04027)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting, with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Michael A. Bayudan seeks review of the Intermediate Court of Appeals' ("ICA") October 28, 2015 Judgment on Appeal, entered pursuant to its September 28, 2015 Summary Disposition Order, which affirmed the District Court of the First Circuit's ("district court") October 25, 2012 Notice of Entry of Judgment and/or Order and Plea/Judgment ("district court judgment").[1]  The district court found Parker

---

[1]     The Honorable David W. Lo presided.

guilty of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawai'i Revised Statutes ("HRS") § 291E-61(a)(3) (Supp. 2010).[2]  We accepted Bayudan's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Bayudan was taken to the police station, where he was read an implied consent form.[3] Bayudan elected to take a breath test, which resulted in a

---

[2]     HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle: . . . [w]ith .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]     The form read in relevant part:

1. ___   Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2. ___   You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___   You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

breath alcohol content reading of 0.117 grams of alcohol per 210 liters of breath.

The State charged Bayudan with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3).  At a hearing before trial, the State told the district court that it would be proceeding against Bayudan only on the HRS § 291E-61(a)(3) charge. Bayudan then orally moved to suppress the breath test results, arguing that he did not voluntarily consent to breath testing. The district court denied the motion.  The district court ultimately found Bayudan guilty of violating HRS § 291E-61(a)(3).

Bayudan appealed, raising points of error that are not necessary to consider upon certiorari.[4]  The ICA affirmed the district court's judgment.  On certiorari, Bayudan asks this court to consider the following question:

> Whether [Bayudan's] election to submit to the breath test was consensual after his arrest for [OVUII] when [he] was given a choice that he could either submit to a test for the purpose of determining alcohol concentration, or if he did not submit, he would be arrested, prosecuted, and subject to thirty days of imprisonment for the crime of refusal to submit to a breath, blood, or urine test, in light of this Court's Opinion in State v. Won, SCWC-12-0000858 (2015)?

---

[4]     One of Bayudan's points of error was, "There [wa]s insufficient evidence that the intoxicant control roadblock was established and implemented in accordance with the minimum standards and guidelines provided in H.R.S. § 291E-19 and H.R.S. § 291E-20."  The ICA rejected the argument. State v. Bayudan, CAAP-12-0001025 (App. Sept. 28, 2015)(SDO) at 3.  Although Bayudan raises this issue again on certiorari, we dispose of this appeal under Won and therefore do not need to reach, and do not reach, this issue.

3

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with State v. Won, the result of Bayudan's breath test was the product of a warrantless search, and the district court erred in denying Bayudan's motion to suppress the breath test result.  Accordingly, Bayudan's OVUII conviction cannot stand.

IT IS HEREBY ORDERED that the ICA's October 28, 2015 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in State v. Won.

DATED:  Honolulu, Hawai'i, March 10, 2016.

Brian S. Kim
for petitioner

Stephen K. Tsushima
for respondent

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

